# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NATIONAL FITNESS COMPANY, INC.,

        Plaintiff,

v.

PROCORE LABORATORIES, LLC,

        Defendant.

2:10-CV-2168 JCM (RJJ)

## ORDER

Presently before the court is defendant ProCore's motion to dismiss for improper venue or, in the alternative, for a transfer of venue. (Doc. #7). Plaintiff National Fitness Company filed an opposition. (Doc. #8). Defendant filed a reply. (Doc. #9).

The plaintiff's complaint alleges that the defendant both breached its contract with the plaintiff and was negligent in fulfilling its requirements under the contract. At issue is the business relationship between the two parties wherein the defendant, a Texas company, was contracted to design, manufacture, and ship a product to the plaintiff in Las Vegas, NV. The defendant produced multiple pilot batches, of which only one was shipped to the plaintiff and half destroyed en route. When accepted and distributed by the plaintiff, the product was promptly returned due to inadequate quality. Plaintiff alleges the final intended performance of the agreement was the successful and timely receipt of the products. The defendant, by contrast, asserts that plaintiff's claims arise from defendant's production of the product, and the final intended performance was a product prepared

for shipment.

In the motion to dismiss or transfer venue (doc. # 7), the defendant asserts that the plaintiff has failed to carry its burden to show why venue is proper and asks that the complaint be dismissed. In the alternative, the defendant requests this case be transferred to the Northern District of Texas based on convenience and fairness resulting from the specific actions occurring in the respective district. The plaintiff contends that venue is proper, as the breach of contract and negligent actions resulting in the actual harm occurred in Nevada. Additionally, the plaintiff asserts it contracted for a finished product of sufficient quality and not the actual process used to manufacture and deliver the product.

**I. Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(3), a court may dismiss a case for improper venue. The plaintiff bears the burden of sustaining venue upon motion by the defendant. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). Additionally, a court need not accept a plaintiff's pleadings as true when ruling on a Rule 12(b)(3) motion and may review outside facts. *Murphy v. Schneider Nat'l, Inc.*, 362 F. 3d 1133, 1137 (9th Cir. 2003).

Defendant asserts this case should be dismissed because "a substantial part of the events or omissions giving rise to the claim" did not occur in this judicial district. 28 U.S.C. § 1391(a). To answer this question, a court must determine what acts by the defendant give rise to the claims and if a substantial portion took place in the forum. *See Sutain v. Shapiro and Lieberman*, 678 F.2d 115 (9th Cir. 1982). It does not matter if one party had greater contacts in a particular forum, but instead whether the district the plaintiff chose had a substantial connection to the claim. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). Further, inconvenience plays no part in the analysis for a motion to dismiss, and without a showing by the plaintiff that the choice of a judicial district has a substantial connection to the claims at issue, a court must dismiss. *Id*.

Defendant asserts, and the court agrees, that plaintiff has failed to carry its burden of proving a substantial part of the events giving rise to the claim occurred in this district. The performance of the contract occurred in Texas and defendant's obligations ended at readying the package for

shipment. The contractual requirements to manufacture, test, reformulate and bundle the plaintiff's product are all activities occurring in Texas. Indeed, in a breach of contract action "the spirit of § 1391(a) is better served" when the venue chosen is "the place of intended performance." *Id*.

Here, the plaintiff reached out to the defendant in Texas to manufacture a product after rejecting solicited bids from others. The plaintiff was responsible for the actual shipping of the product out of Texas once the defendant had prepared it for shipment. *See generally* Complaint (doc. # 1). Based on the level of activities occurring in Texas, plaintiff has not met its burden of sufficiently proving more substantial activities occurred in Nevada.

## II. Transfer Venue

Defendant has requested in the alternative that this action be transferred to the Northern District of Texas to best serve the nature of the litigation. It is appropriate to transfer a lawsuit to a venue where it may have been brought after considering the "convenience of the parties and witnesses and . . . the interest[s] of justice." 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 37 U.S. 612, 616 (1964) (finding the purpose of § 1404(a) is to prevent the gross amount of waste and inconvenience that both the parties and public would be subject to without a transfer). To prevail, a movant must show (1) another district where the action may have been brought and that (2) the district is more convenient. 28 U.S.C. § 1404(a). Additionally, the court has broad discretion when determining whether to transfer venue under § 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Here, venue is proper under the first element because it is where "a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(a)(1). Additionally, the Northern District of Texas is where the defendant is domiciled. *See* 28 U.S.C. § 1391(a)(2). To determine whether the second element is present, the Ninth Circuit has identified an individualized case-by-case method. *See Van Dusen*, 37 U.S. at 622. The list of eight non-exclusive factors include: (1) the location where the relevant agreements were negotiated and executed; (2) the state most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the

differing costs of litigation in the forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 489-99.

As admitted by both parties, the agreements were negotiated and executed in both Nevada and Texas, effectively neutralizing the first factor of the *Jones* test. Also, factual disputes exist between the parties regarding the choice of law provision in the contract, the availability and necessity of witnesses for litigation costs, and the determination of what constitutes a non-party, making determination of these factors impossible without further discovery. Additionally, there is substantial disagreement concerning relevant precedent and standards for the remaining factors.

Regarding plaintiff's choice of forum and its contacts therein, relevant case law holds that a plaintiff should not be "forced to follow the defendant into the defendant's home district" when injured during a business transaction. *Pac. Car & Foundry Co.*, 403 F.2d 949, 954 (9th Cir. 1968). However, a plaintiff's choice of forum is given less weight if the forum lacks significant contact with the activities alleged in the complaint, regardless of residency. *See id*. Also, "if the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (finding even one trip to the party's district did not serve as sufficient contact for jurisdiction).

Here, the activities relating to the breach of contract allegations occurred in Texas and side in favor of the defendant's choice of forum. Further, the plaintiff has traveled to the Northern District of Texas on several occasions to conduct business with the defendant. In contrast, the defendant has never traveled to Nevada, is not contractually obligated to ship any products to Nevada, and its only contact with Nevada is the contract with the plaintiff. Also, the sources of proof, including the necessary paperwork from the defendant, are already in the possession of the plaintiff and the last remaining batch of product remains at the defendant's facility in Texas.

Balancing the convenience and fairness factors enumerated by the Ninth Circuit and both

elements of § 1404(a), the court finds that transfer to the Northern District of Texas is appropriate.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant ProCore Laboratories, LLC's motion to dismiss or, in the alternative, for a transfer of venue (doc. #7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the above captioned case be, and the same hereby is, TRANSFERRED to the Northern District of Texas.

DATED June 20, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge