IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL FITNESS COMPANY, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-11-CV-1352-BD |
| PROCORE LABORATORIES, LLC | § § § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Defendant ProCore Laboratories, LLC has filed a motion for leave to amend its answer to add two new affirmative defenses and to assert a counterclaim for breach of contract. Plaintiff does not oppose the filing of an amended answer, but argues that it will be prejudiced by the "last-minute filing" of a counterclaim. The parties have briefed their respective positions in a Joint Status Report filed on November 23, 2011, and the motion is ripe for determination.

Rule 15(a) allows a party to amend its pleadings with leave of court, and "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district court has broad discretion in deciding whether to grant leave to amend, the Fifth Circuit has long recognized that Rule 15(a) evinces a liberal amendment policy. *See Lowery v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997). Thus, leave to amend should be granted almost as a matter of course unless there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) undue prejudice to the opposing party; or (3) the proposed amendment is futile. *See Dallas & Mavis Specialized Carrier Co., LLC v. Pacific Motor Transport Co.*, Nos. 3-06-CV-1922-R & 3-07-CV-0942-R, 2007 WL 1974773 at *1 (N.D. Tex. Jul. 3, 2007), *citing Wimm v. Jack Eckerd Corp.*, 3 F.3d

137, 139 (5th Cir. 1993). Here, plaintiff argues that defendant knew about its potential counterclaim three months ago when it filed an answer in this case, but waited until just before the pleading deadline expired to seek leave to amend. Even if defendant could have filed its counterclaim earlier, plaintiff has not demonstrated prejudice. As of the date defendant filed its motion, the parties still had three months to designate experts, five months to complete discovery, and six months to file dispositive motions. The case is not yet set for trial. The fact that defendant could have filed its counterclaim three months ago, standing alone, is not a sufficient reason for denying leave to amend.[1]

Accordingly, defendant's motion for leave to file an amended answer and counterclaim [Doc. #25-1] is granted. The clerk is directed to file the amended answer and counterclaim tendered by defendant.

SO ORDERED.

DATED: December 1, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff opposes the motion for leave to amend on the ground that there is no factual or legal basis for the counterclaim, (*see* Jt. Stat. Rep. at 4), that argument is more appropriately raised in a motion for summary judgment.