# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **NATIONAL FITNESS COMPANY, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1352-L** |
| | § | |
| **PROCORE LABORATORIES, LLC**, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff National Fitness Company, Inc.'s Request for Entry of Default and Motion for Default Judgment, filed November 30, 2012.  After careful consideration of the request, motion, record, and applicable law, the court **grants** Plaintiff National Fitness Company, Inc.'s Request for Entry of Default and Motion for Default Judgment.

## I.       Procedural and Factual Background

National Fitness Company, Inc. ("NFC" or "Plaintiff") filed this action in the United States District Court of Nevada against ProCore Laboratories, LLC ("ProCore" or "Defendant") on December 14, 2010, contending that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Plaintiff asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with contractual relations, and negligence.

On August 16, 2012, the court permitted counsel for ProCore to withdraw.  At that time, the court advised Defendant that, because it is a limited liability company, it could not appear *pro se* and must be represented by a licensed attorney.  *See* Order, August 16, 2012 [Doc. #37] (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)).

Accordingly, the court ordered Defendant to retain substitute counsel by September 17, 2012.
*Id.* When Defendant failed to comply with that order, the court gave Defendant one last opportunity to retain counsel by November 12, 2012.  *See* Order, November 2, 2012 [Doc. #38]. The court expressly warned Defendant that failure to comply with its order would result in "its claims and/or defenses [being] stricken without further notice, and . . . further proceedings in accordance with the law, including but not limited to, entry of an order of default, and/or default judgment."  *Id.* at 2.  The court also ordered Jim Tehan, ProCore's president, to show cause in writing no later than November 12, 2012, why Defendant should not be sanctioned for failing to retain substitute counsel as ordered by the court.   Mr. Tehan was warned that additional sanctions would be imposed if he failed to comply with the court's order.  *Id.* (citing Fed. R. Civ. P. 16(f) & 37(b)(2)(C)).  To date, no attorney has made an appearance for ProCore in this case.

On November 16, 2012, the court stated Defendant could not participate in this case unless it was represented by a licensed attorney.  There had been little to no activity in this case for three months, and that delay was wholly attributable Defendant's failure to retain counsel. Defendant failed to comply with two orders requiring it to retain counsel.  In the latter order, Defendant was warned that failure to retain counsel would result in its claims and defenses being stricken and a default entered against it. Mr. Tehan failed to respond to an order requiring him to show cause why Defendant should not be sanctioned for failing to retain counsel.  Because of these failures, the court struck Defendant's First Amended Answer and Original Counterclaim, filed December 1, 2011. *See Donovan*, 736 F.2d at 1005; *Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-CV-2642-L, 2012 WL 899271, at *2 (N.D. Tex. Mar. 16, 2012) (When a corporate party declines to hire counsel to represent it, the court may properly dismiss its claims or strike its defenses.).  The court further directed Plaintiff to seek entry of default and to file a

motion for default judgment against Defendant by November 30, 2012. *See* Order, November 16, 2012 [Doc #40]. NFC complied with the court's directive and filed its request for entry of default and motion for default judgment on November 30, 2012.

## II.   Discussion

### A.   Entry of Default

Pursuant to Federal Rule of Civil Procedure 55(a), "When a Party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The clerk entered a default against ProCore on November 30, 2012, and the court agrees that the default was properly entered because ProCore has not answered or otherwise defended or pleaded as directed by the court. Accordingly, the court will grant NFC's Request for Entry of Default.

### B.   Motion for Default Judgment and Damages

The court specifically struck ProCore's First Amended Answer and Original Counterclaim because it failed to answer or otherwise plead or defend, despite being warned on two occasions by the court. These were appropriate sanctions in light of ProCore's refusal to comply with the court's orders and defend or otherwise plead in this action.

The court accepts as true the well-pleaded allegations of Plaintiff's Complaint, originally filed December 14, 2010, in Nevada and later transferred to this district on June 21, 2011. The court determines that ProCore is not an infant, an incompetent person, or a member of the United States military. The allegations of the Complaint and the evidence submitted in support of the motion for default judgment establish that ProCore: (1) breached its contract with NFC, (2) interfered with NFC's contractual relations, and (3) was negligent in its dealings with NFC. The evidence establishes that ProCore's actions have caused NFC to suffer damages of at least

$718,848.  Accordingly, NFC is entitled to and shall recover damages in this amount against ProCore.  The court will award such damages by separate document in its final judgment.

### C.  Prejudgment and Postjudgment Interest

NFC has requested prejudgment and postjudgment interest.  In Texas, a claim for prejudgment interest may be based upon general principles of equity or an enabling statute. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985).  Under both the common law and the Texas Finance Code, prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received written notice of a claim, or (2) the date suit is filed. Tex. Fin. Code Ann. § 304.104 (West 2006).  Prejudgment interest is awarded to compensate fully the injured party, not to punish the defendant, and is considered compensation allowed by law as additional damages for lost use of the money due between the accrual of the claim and the date of judgment.  *See Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998).  The prejudgment interest rate for property damage cases is "equal to the postjudgment interest rate applicable at the time of judgment." § 304.103.  As the parties' contract or Agreement does not include a postjudgment rate, section 304.003 of the Texas Finance Code provides that the postjudgment interest is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System is less than five percent." § 304.003(c)(2).  As of August 28, 2013, the published rate by the Board of Governors is 3.25 percent, which is less than five percent, and the prejudgment rate is therefore five percent per annum.

Plaintiff presents no equitable considerations for the court to consider, and it is unclear from the record when or whether Defendant received written notice of a claim from Plaintiff. The court therefore determines that prejudgment interest should be calculated from the date this

**Memorandum Opinion and Order – Page 4**

action was filed on December 14, 2010, to August 28, 2013, the date of entry of the judgment. The amount of prejudgment interest is therefore $97,290.66.

With respect to an award of postjudgment interest, federal law applies on "any judgment in a civil case recovered in a district court . . . *including actions based on diversity of citizenship.*" *Travelers Ins. Co. v. Liljeberg Enters.*, *Inc.* 7 F.3d 1203, 1209 (5th Cir. 1993) (citation omitted).   A court awards postjudgment interest pursuant to 28 U.S.C. § 1961. Accordingly, postjudgment interest shall accrue at the applicable federal rate, which is currently .14 percent per annum.

### D.      Attorney's Fees and Costs

NFC requests $50,385.79 in applicable attorney's fees and costs.  The court ordered NFC to supplement its request for attorney's fees because the initial documentation was insufficient for the court to determine the amount of attorney's fees.  Pursuant to the court's order, Plaintiff NFC, Inc.'s Supplement to Motion for Clerk's Entry of Default [and] Motion for Subsequent Entry of Default Judgment was filed on August 27, 2013.  The documentation consists of an affidavit of Mr. P. William Stark, time records, and billing statements regarding services performed and costs associated with the performance of those services.  Mr. Stark opines that the fees sought by Plaintiff were necessarily incurred in the prosecution of this action and that the fees and costs associated with the performance of the services performed were reasonable and necessary.  He further states that the hourly rates charged by Plaintiff's counsel are well within the usual and customary rates charged by attorneys in the Dallas County area.  The court agrees.

In reviewing the documentation, the court notes that significant portions of the records or billing statements are redacted, and the court is unable to determine the nature of the services provided.  The court presumes that the redaction was done to maintain attorney-client privilege

and confidentiality; however, redacted documents are of no assistance to the court in performing its task of determining the reasonableness of attorney's fees.  If Plaintiff is concerned about divulging privileged or confidential matters, the preferred approach is to file a redacted copy and submit an unredacted copy *ex parte* to the court for in camera review.  The court has no concerns with Mr. Stark's affidavit.  Indeed, the affidavit is what convinces the court to make an award of attorney's fees and costs; however, the redactions do not allow the court to conduct a thorough and independent review.  When a court lacks sufficient information to determine independently whether all of the fees requested were reasonably expended, it may exercise its discretion and reduce the amount requested.  *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995) (reducing a fee award by ten percent for inadequate documentation). Accordingly, the court believes a reduction of ten percent is appropriate in this case and awards NFC $45,347.21 in attorney's fees and costs.

## III.    Conclusion

For the reasons herein stated, the court **grants** Plaintiff National Fitness Company, Inc.'s Request for Entry of Default and Motion for Default Judgment.  By separate document the court will enter a default judgment in the amount of $861,485.87, which includes $718,848 as damages; $97,290.66 as prejudgment interest; and $45,347.21 as reasonable attorney's fees and costs.  The court will issue a final default judgment by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 28th August, 2013.

Sam A. Lindsay
United States District Judge